# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LYNNEL ANTWAN WATKINS**                                                      **PLAINTIFF**

**V.**                              **No. 4:23-cv-00013-ERE**

**GILLIAM,** *et al.*                                                            **DEFENDANTS**

## ORDER GRANTING SUMMARY JUDGMENT

**I.     Background**

*Pro se* plaintiff Lynnel Antwan Watkins, formerly a pretrial detainee at the Saline County Detention Facility ("Detention Facility"), filed this lawsuit under 42 U.S.C. § 1983. *Doc. 1*. Mr. Watkins' complaint alleges that Detention Facility officials violated his: (1) First Amendment right to association by imposing a $15.50 fee for video visitation; (2) Eighth Amendment right prohibiting cruel and unusual punishment by imposing a visitation fee; and (3) Fourteenth Amendment rights by suspending all free visitation without sufficient due process. Defendants Captain Gilliam, Sergeant Griffin, Sergeant Hallman, and Sheriff Rodney Wright are sued in both their individual and official capacities for monetary relief.[1]

Defendants have filed a motion for summary judgment, a brief in support, and a statement of undisputed facts arguing that they are entitled to judgment as a matter

---

[1] The Court previously dismissed Mr. Watkins' claims against the John Doe Defendant, CEO of City Telecoin Co. *Doc. 18*.

of law on Mr. Watkins' legal claims. *Docs. 30, 31, 32*. Mr. Watkins has not responded to Defendants' motion, and the time to do so has passed. *Doc. 35*. The motion is now ripe for review.

For the reasons explained below, Defendants' motion for summary judgment (*Doc. 30*) is GRANTED.

## II. Discussion:

### A. Summary Judgment Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must come forward with specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). A party is entitled to summary judgment if -- but only if -- the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

B.     **Undisputed Factual Background**[2]

On March 17, 2020, Saline County Judge Arey closed all county buildings, including the Detention Facility's visitation room. *Doc. 32-6 at 1*.

On July 29, 2021, Mr. Watkins was booked into the Detention Facility. *Doc. 32-2 at 1*.

On September 26, 2022, Mr. Watkins submitted a grievance complaining that, since he had been incarcerated at the Detention Facility, he had to pay for all video visitation and Detention Facility staff had denied him all in-person visitation. *Doc. 32-3 at 2*.

The same day, Defendant Hallman responded by informing Mr. Watkins that starting that day, inmates would be allowed one fifteen-minute, free video visit each week. *Id*.

On November 28, 2022, Mr. Watkins was released from the Detention Facility. *Doc. 32 at 2*.

During his detention, Mr. Watkins used the video visitation system approximately 486 times and incurred charges ranging from $.50 to $7.50 per call. *Doc. 32-5 at 1-17*.

---

[2] Unless otherwise indicated, these undisputed facts are taken from Mr. Wakins' jail file, including his arrest and booking information, request and grievances, and video visitation log. *Docs. 32-2, 32-3, 32-5*.

### C. Qualified Immunity for Individual Capacity Claims

Defendants argue that they are entitled to qualified immunity on Mr. Watkins' individual capacity claims for money damages.

Qualified immunity shields government employees sued in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

"When a defendant asserts qualified immunity at the summary judgment stage, the plaintiff must produce evidence sufficient to create a genuine issue of fact regarding whether the defendant violated a clearly established right." *Henderson as Trustee for Henderson v. City of Woodbury*, 909 F.3d 933, 939 (8th Cir. 2018) (quoting *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013)). "To defeat a claim of qualified immunity, a plaintiff . . . must . . . show both that the officer's conduct violated a constitutional right, and that the constitutional right was clearly established." *Bishop*, 723 F.3d at 961 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

On this record, no reasonable fact finder could conclude that any of Mr. Watkins' constitutional rights were violated. As a result, Defendants are entitled to qualified immunity on all of Mr. Watkins' individual capacity claims.

### 1. First Amendment Claim

Mr. Watkins complains that Defendants violated his First Amendment rights when they cancelled all free visitation at the Detention Facility. It is undisputed that, on March 17, 2020, Saline County Judge Arey closed all county buildings, including the Detention Facility's visitation room. *Doc. 32-6 at 1*. Although inmates were permitted to participate in video visitation, they had to pay for the video calls. Mr. Watkins does not complain that he was ever denied the opportunity to engage in visitation; rather he complains that he was forced to pay for the video visitation.

In *Holloway v. Magness*, 666 F.3d 1076 (8th Cir. 2012), an Arkansas Division of Correction ("ADC") inmate, filed a civil rights lawsuit under 42 U.S.C. § 1983 alleging that the elevated telephone charges that he was forced to pay to communicate with his family and friends violated his First Amendment free speech rights. This Court granted summary judgment in favor of the ADC Defendants. On appeal, the Eighth Circuit Court of Appeals upheld this Court's decision.

The Eighth Circuit explained that "[j]ust as ADC had no First Amendment obligation to provide any telephone service, it had no obligation to provide that service at a particular cost to users." *Id. at 1079-80*. "The Constitution does not prohibit charging prisoners for essential prison services, at least in the absence of a showing that the result is a severe deprivation of a fundamental right." *Id. at 1080*.

The Court went on to analyze inmate Holloway's claim as a restriction on his speech under the First Amendment by using the "four-factor *Turner* test to determine whether [it was] reasonably related to legitimate penological interests." *Id. at 1080* (internal citation omitted). The Court explained that: (1) "there [was] a valid, rational connection between the legitimate government interest in providing telephone service, and determining what to charge for that service"; (2) "ADC inmates retain many alternative means of communication with family members and friends in the outside world"; (3) "the third and fourth *Turner* factors – the impact of a restriction on guards and inmates and the presence or absence of alternative restriction – have little or no bearing on what inmates are charged for telephone service." *Id. at 1080-81*. The Court concluded that inmate "Holloway simply failed to allege and prove facts showing a significant impact on his right to communicate with the outside world." *Id. at 1081*.

For the same reasons, Mr. Watkins' First Amendment claims fail as a matter of law. Mr. Watkins has presented no evidence that his constitutional rights were violated. The visitation logs show that Mr. Watkins made 486 video calls between July 29, 2021, and November 8, 2022. *Doc. 32-5 at 1-17*. While Detention Facility policy required Mr. Watkins to pay for most of those video calls, there is no evidence that his right to communicate with the outside world was significantly impacted.

Because Mr. Watkins' First Amendment claim fails as a matter of law, Defendants are entitled to qualified immunity on that claim.

### 2. Conditions of Confinement Claim

Mr. Watkins also alleges that Defendants violated his Eighth Amendment rights by forcing him to pay for the video calls at issue. Because Mr. Watkins was a pre-trial detainee during the relevant time period, his conditions of confinement claim are analyzed under the Fourteenth Amendment's Due Process Claim. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 905 (8th Cir. 2020). Under that standard, the government may lawfully detain a defendant before trial and subject him to jail restrictions and conditions, "so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Stearns*, 957 F.3d at 907 (quoting *Bell*, 441 U.S. at 536–37). In the absence of any allegations suggesting an express intent to punish, a plaintiff must allege facts suggesting that "the conditions of confinement were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id.* (quoting *Bell*, 441 U.S. at 538-39). Whether the conditions of pretrial detention are punitive and therefore unconstitutional depends on the totality of the circumstances, including the duration of the allegedly harsh conditions. *Stearns*, 957 F.3d at 909.

During his time at the Detention Facility, Mr. Watkins was forced to pay for video visitation. However, Mr. Watkins has neither alleged nor presented any evidence that the conditions he experienced at the Detention Facility were intentionally punitive. There is also no evidence allowing a fact finder to conclude that Mr. Watkins endured arbitrary or excessive conditions of confinement during his stay at the Detention Facility.

Defendants are entitled to qualified immunity on Mr. Watkins' conditions of confinement claim.

### 3.     Due Process Claim

Mr. Watkins' complaint alleges that "Defendants violated Plaintiff's rights to due process when they suspended all free visitations for 15 months without a proper/just cause, hearing or announcement." *Doc. 1 at 9*.

Prisoners have a right to procedural due process only if there is a protected liberty interest at stake. See *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (a constitutionally protected liberty interest in the prison context will generally be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life"); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). As discussed above, inmates do not have a protected liberty interest in free video visitation. Without any underlying

liberty interest, Mr. Watkins' Fourteenth Amendment procedural due process claims fails as a matter of law, and Defendants are entitled to qualified immunity.

### D. Official Capacity Claims

Mr. Watkins also sues each Defendant in his or her official capacity. By law, the Court must treat Mr. Watkins' official-capacity claims against county employees as claims against Saline County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). In this context, Saline County can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633.

Mr. Watkins alleges that Saline County's policy prohibiting free video visitation violated his constitutional rights. However, as discussed above, the policy did not violate Mr. Watkins' First Amendment rights. The Detention Facility was not obligated to provide him with free video calls to maintain contact with the outside world. Mr. Watkins' official capacity claims fail as a matter of law.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Defendants' motion for summary judgment (*Doc. 30*) is GRANTED.

2. Mr. Watkins' claims are DISMISSED, with prejudice.

3. The Clerk is directed to close this case.

SO ORDERED 23 January 2024.

_____
UNITED STATES MAGISTRATE JUDGE